UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENRY PLATSKY,

Plaintiff,

-against-

UNKNOWN SUPERMARKET MANAGER 1; UNKNOWN SUPERMARKET MANAGER 2; KASH PATEL; COMMISSIONER JESSICA TISCH; COMMISSIONER MOLLY PARK,

Defendants.

25-CV-8329 (GBD)

ORDER OF DISMISSAL

GEORGE B. DANIELS, United States District Judge:

Plaintiff Henry Platsky, who is appearing *pro se*, brings this action under 42 U.S.C. § 1985, alleging that Defendants conspired to violate his constitutional rights and failed to "prevent the violation" of his rights. By separate order, this Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. This Court dismisses the complaint.

**LEGAL STANDARD**

This Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). This Court must also dismiss a complaint when it lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, this Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special

solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief and to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible if the plaintiff pleads enough factual detail to allow this Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, this Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, this Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff, a Manhattan resident, receives benefits from the Supplemental Nutrition Assistance Program ("SNAP"), also known as "food stamps." (Compl., ECF No. 1, at 1.) He filed this complaint against: (1) "two unknown supermarket managers"; (2) Kash Patel, Director of the Federal Bureau of Investigation ("FBI"); (3) Jessica Tisch, Commissioner of the New York City Police Department ("NYPD"); and (4) Molly Park, Commissioner of the New York City Department of Social Services ("DSS"). The following alleged facts are drawn from the complaint.[1]

---

[1] This Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

On or about October 30, 2024, unidentified individuals in Chicago allegedly stole over $2,800 in SNAP benefits from Plaintiff's account electronically, and the managers of the two Chicago supermarkets where the benefits were used "facilitate[ed]" the theft. (*Id.* at 2–3.) On December 19, 2024, Plaintiff called the FBI to complain about the thefts and request an investigation. On March 5, 2025, Plaintiff followed up in writing to Kash Patel, but he received no response. (*Id.* at 4.) On January 4, 2025, Plaintiff went to the NYPD's Ninth Precinct, filed a police report, and met with a detective. (*Id.* at 5.) When Plaintiff called the detective about one month later, he was told that the matter had been forwarded to DSS. (*Id.*) On May 25, 2025, Plaintiff emailed DSS. Although a DSS representative tried to call Plaintiff back a number of times, they never successfully connected, and Plaintiff "heard nothing further." (*Id.*)

Plaintiff seeks: (1) an order directing the NYPD and the FBI to assist DSS in investigating vulnerabilities in its system to prevent future theft of SNAP benefits; (2) an order directing Defendants to investigate the theft of his benefits and to bring the perpetrators "to justice"; (3) an order appointing an independent monitor to ensure that Defendants do a thorough investigation; and (4) compensatory and punitive damages. (*Id.* at 7–8.)

**PLAINTIFF'S COMPLAINT IS DISMISSED**

**A. Failure to prevent or investigate constitutional violations**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48–49 (1988).

Plaintiff alleges that the government Defendants (the NYPD, FBI, and DSS) failed to prevent the violation of his constitutional rights, or to investigate the theft of his SNAP benefits. There is generally no federal constitutional duty, however, requiring the government to

investigated alleged wrongdoing, protect an individual from private harm, or enforce the law. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755–56 (2005); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195–96 (1989); *Gong v. Sarnoff*, No. 23-CV-0343, 2024 WL 3638335, at *7 (S.D.N.Y. Aug. 1, 2024) ("It is settled that the State has no general Due Process obligation to ensure the safety, care, and protection of individuals who are not in its custody. Also, [i]t is well established that [t]here is no constitutional right to an investigation by government officials." (internal quotation marks and citations omitted, alterations in original)); *Hirsh v. City of New York*, 300 F. Supp. 3d 501, 511 (S.D.N.Y. 2018) ("[T]he Court concludes that Plaintiff has not plausibly alleged constitutional violations based on the allegation that the City abdicated its duty to enforce its rules and regulations and train its employees to follow those rules."), *aff'd*, 751 F. App'x 111 (2d Cir. 2018) (summary order).[2]

Accordingly, this Court dismisses Plaintiff's claims, asserted under Section 1983, that the government did not prevent his SNAP benefits from being stolen and did not investigate the theft after it occurred, for failure to state a claim on which relief may be granted.[3]

---

[2] There are two recognized exceptions to this general rule: (1) "when [a government official] takes a person into [the government official's] custody and holds him there against his will, the Constitution imposes upon [the government official] a corresponding duty to assume some responsibility for his safety and general well-being," *DeShaney*, 489 U.S. at 199–200; and (2) when a state actor affirmatively creates or increases a danger to the plaintiff, *see, e.g.*, *Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008). In this context, the plaintiff must also show that the government official's "behavior was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* (citation omitted). There are no allegations in the complaint suggesting that either exception applies here.

[3] To the extent the complaint could be construed as asserting a procedural due process claim in connection with the theft of Plaintiff's SNAP benefits, New York law provides for an administrative fair hearing to challenge any adverse determination with respect to public assistance benefits. *See* N.Y. Soc. Serv. Law § 22; 18 N.Y.C.R.R. Ch. II, Subch. B, Art. 1, pt. 358. Judicial review is available in the state courts in a proceeding under Article 78 of the New York Civil Practice Law and Rules to challenge adverse administrative determinations in connection with government entitlement programs, such as SNAP benefits. Courts have held that these procedures satisfy procedural due process. *See Thompson v. Welfare.*, No. 25-CV-5359, 2025 WL 2577983, at *3 (S.D.N.Y. Oct. 29, 2025) (listing cases and explaining that New York State's fair hearing procedure provides adequate process); *Komatsu v. City of New York*, No. 23-

**B. Claims under Sections 1983, 1985(3) and 1986**

To state a claim of conspiracy under Section 1983, a plaintiff must show: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). To state a claim of conspiracy under Section 1985(3), a plaintiff must allege facts suggesting the existence of: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of his right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [Section 1985(3)] conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id.* (internal quotation marks and citation omitted).

Vague and unsupported assertions of a claim of conspiracy under Section 1983 and Section 1985 will not suffice to state a claim upon which relief can be granted. *See, e.g.*, *Stoner v. Young Concert Artists, Inc.*, 626 F. App'x 293, 296 (2d Cir. 2015) (summary order); *Wang v. Miller*, 356 F. App'x 516, 517 (2d Cir. 2009) (summary order); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997); *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990).

Section 1986 provides a cause of action against anyone who "having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so." *Mian v. Donaldson, Lufkin & Jenrette Secs.*

---

CV-5406, 2024 WL 1905786, at *2 (S.D.N.Y. Apr. 15, 2024) (discussing state procedures for seeking relief as to electronically stolen SNAP benefits).

*Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (per curiam) (quoting *Katz v. Morgenthau*, 709 F. Supp. 1219, 1236 (S.D.N.Y. 1989), *aff'd in part and rev'd in part on other grounds*, 892 F.2d 20 (2d Cir. 1989)). Therefore, a Section 1986 claim requires that a valid Section 1985 claim be asserted. *Mian*, 7 F.3d at 1088 (citing *Dacey v. Dorsey*, 568 F.2d 275, 277 (2d Cir. 1978)).

The United States Court of Appeals for the Second Circuit has emphasized that an essential element of a Section 1985(3) and related Section 1986 cause of action is a requirement that the alleged discrimination took place because of the individual's race. *Mian*, 7 F.3d at 1088. Otherwise, there must be "class-based, invidiously discriminatory animus" underlying Defendants' actions. *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994) (quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971)).

Plaintiff does not allege any facts showing that Defendants conspired to violate his federally protected rights. His assertions of a conspiracy are vague and wholly unsupported. And the complaint does not contain any allegations suggesting a conspiracy motivated by invidious discriminatory animus. Plaintiff therefore fails to state a conspiracy claim under Sections 1983 and 1985. And because Plaintiff has failed to state a valid conspiracy claim under Section 1985, a mandatory predicate for a claim under Section 1986, he also fails to state a claim under Section 1986. This Court dismisses Plaintiff's claims under Sections 1983, 1985, and 1986 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal

claims of which this Court has original jurisdiction, this Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D. Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because there is no indication from the allegations in Plaintiff's complaint that the defects therein can be cured with an amendment, this Court declines to grant Plaintiff leave to amend his complaint.

The exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010). According to Public Access to Court Electronic Records, Plaintiff has filed more than twenty *pro se* civil actions and appeals in this Circuit.[4] *See, e.g.*, *Platsky v. N.Y. Police Dep't*, No. 22-CV-9681, 2024 WL 3104516, at *4 (S.D.N.Y. June 24, 2024) (granting motion to dismiss Section 1983 claims for failure to state a claim on which relief may be granted), *aff'd*, No. 24-1925 (2d Cir. June 9, 2025); *Platsky v. Fed. Bureau of Investig.*, No. 20-CV-573 2021 WL 278453, at *6 (S.D.N.Y. July 2,

[4] *See Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 205 n.4 (2d Cir. 2003) (observing that courts may take judicial notice of public records).

2021) (granting defendant's motion for summary judgment), *aff'd*, No. 21-2064 (2d Cir. Dec. 19, 2022); *Platsky v. Universal Urology Assocs.*, No. 16-CV-2186 (LAP) (S.D.N.Y. May 31, 2016) (dismissing conspiracy claims under Section 1985 and Section 1986 for failure to state a claim), *dismissing appeal as frivolous*, No. 16-1907 (2d Cir. Sept. 6, 2016); *Platsky v. Nat'l Sec. Agncy.*, No. 15-CV-1529, 2016 WL 3661534, at *9 (S.D.N.Y. July 1, 2016) (granting defendant's motion for summary judgment), *dismissing appeal as frivolous*, No. 16-3407 (2d Cir. Sept. 7, 2017); *Platsky v. Castro*, No. 15-CV-2454 (S.D.N.Y. Jan. 12, 2016) (granting defendants' motion to dismiss), *dismissing appeal as frivolous*, No. 16-342 (2d Cir. Apr. 19, 2016).

Because Plaintiff has previously asserted claims under Section 1983, Section 1985, and Section 1986, he should be aware of the elements of stating a plausible claim under those statutes. *See Sledge v. Kooi*, 564 F.3d 105, 109–10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements); *cf. Roberts v. United States*, No. 24-CV-1512, 2024 WL 3606708, at *1 (S.D.N.Y. July 29, 2024) (instructing frequent *pro se* litigant that before filing any lawsuit, he "must make a good faith investigation into whether [he] has a nonfrivolous legal claim").

Plaintiff is warned that if he abuses the privilege of proceeding IFP by filing future complaints that lack merit, this Court may order him to show cause why he should not be barred, under 28 U.S.C. § 1651, from filing complaints IFP in this court without its prior permission.

**CONCLUSION**

This Court dismisses the above-captioned action. This Court dismisses Plaintiff's claims under federal law for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

This Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

This Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated: AUG 0 3 2026
New York, New York

George B. Daniels
GEORGE B. DANIELS
United States District Judge